IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Ferguson, | No. CV-22-02141-PHX-JJT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation (Doc. 15, "R&R") submitted by United States Magistrate Judge Debra M. Fine recommending that the Court dismiss with prejudice as untimely the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 5). Petitioner timely filed Objections to the R&R (Doc. 16) and Respondents filed a Reply thereto (Doc. 17). Also before the Court is a Motion for Leave to File Amicus Curiae Brief submitted by Abolish Private Prisons, Inc. ("APP") (Doc. 13), to which Respondents filed an Objection (Doc. 14) and which Judge Fine also recommends the Court deny.

In her comprehensive 43-page R&R, Judge Fine exhaustively analyzed Petitioner's arguments from multiple vantage points. She correctly concluded at pages 16 and 17, that petitioners petition was untimely, and was not statutorily tolled. (R&R at 16-17.) Petitioner was sentenced for his conviction in his more recent state Case No. CR 2015–002242, as well as for his probation revocation in the older Case No. CR 2008–009219, all on December 15, 2017. The Arizona Court of Appeals confirmed his conviction and sentence

in the new case as well as his probation revocation and sentence in the old case on February 5, 2019 and he filed no motion for reconsideration in that court or petition for review to the Arizona Supreme Court. His sentences, as well as his conviction in the new case and his probation revocation in the old case, all became final therefore on March 7, 2019, and AEDPA's one year statutory limitation period began to run the following day, on March 8, 2019. Uninterrupted by tolling, the limitation period would have run out March 7, 2020.

When petitioner filed his first Post-Conviction Relief ("PCR") notice in both cases on April 19, 2019, however, his time to file the petition in the instant matter was tolled after having run for 43 days. The tolling ended when the court of appeals denied relief on that first PCR on April 6, 2021, and petitioner did not seek review in the Arizona Supreme Court for the 30 days he was permitted thereafter. The remaining 322 days in AEDPA's limitations period therefore began running again on May 7, 2021, and ran out on March 24, 2022. Petitioner did not file his petition for habeas proceedings in the instant matter until more than eight months after the limitation period expired, on December 7, 2022. Thus Petitioner's habeas petition to this Court was untimely.

As Judge Fine also correctly determined, Petitioner's second PCR petition was untimely filed, and failed to raise any claim that would have excused its untimeliness as a second PCR petition pursuant to Ariz. R. Crim. P. 32.1(b) through (h). Therefore, Judge Fine was correct in concluding that the second PCR petition was not properly filed as required under 28 U.S.C. § 2244(d). Therefore, statutory tolling was not extended by the second PCR petition, and Petitioner was more than eight months late in filing his habeas petition absent equitable tolling or qualification for the *Schlupp*[1] factual innocence gateway.

In the alternative, Judge Fine also correctly concluded that all four of the grounds Petitioner advances in his Amended Petition are unexhausted. Petitioner failed to present any of these four claims in his direct appeal to the Arizona Court of Appeals. Moreover,

---

[1] *Schlupp v. Delo*, 513 U.S. 298, 327 (1995).

Grounds One through Four in the Amended Petition, as Judge Fine also concluded, are procedurally defaulted pursuant to Ariz. R. Crim. Pr. 32.2 (a)(2) and (3). Petitioner also fails to show cause and actual prejudice or a miscarriage of justice/actual innocence to excuse any procedural default on Grounds One through Four.

As Judge Fine also concluded, Petitioner here did not show that he had been pursuing his rights reasonably diligently and that some extraordinary circumstance stood in his way to prevent him from timely filing the habeas petition. Petitioner conclusorily stated in his Petition that his grounds are based on "newly discovered evidence," but he never identifies such evidence. This is simply insufficient to qualify for equitable tolling.

As for the *Schlupp* gateway, Judge Fine correctly noted that Petitioner does not argue in any of his papers here that he is actually innocent of either his conviction in the more recent case, or of his violation of probation in the older case. Moreover, Judge Fine exhaustively reviewed and summarized the documents Petitioner attached to his Amended Petition, demonstrating that none of them go to the issue of actual innocence as required by *Schlupp*.

Even were this court to have considered Petitioner's grounds on the merits, the first three are all non-cognizable under law. Grounds One and Three assert constitutional violations pertaining to deficiencies in search warrant process. But as Judge Fine correctly recognized, this argument is precluded under *Stone v. Powell*, 42 U.S. 465, 481–82 (1976). Having been provided an opportunity for a full and fair litigation of a Fourth Amendment claim at the state court level, the Constitution does not require that Petitioner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced in his trial. As for Ground Two, Petitioner's claimed error in the state court's application of sentencing laws does not challenge his detention as a violation of the Constitution or a federal statute, and is therefore non-cognizable in relief under Section 2254.

Finally, the Court will deny APP's Motion for Leave to File Amicus Curiae Brief (Doc. 13) in this matter. The issue on which APP wishes to brief the Court is Ground Four,

the merits of which the Court does not reach, having found that the Petition was untimely filed; that the issue is unexhausted; and that it is procedurally defaulted. Moreover, as Judge Fine correctly concluded, even were the Court to reach and address Ground Four on its merits, the Court would be limited to the state court record in the habeas proceeding. *See Shinn v. Ramirez*, 596 U.S. 366, 378 (2022).

The Court has carefully considered Petitioner' Objections (Doc. 16) to the R&R, and upon that consideration, concludes that they misstate and or misapprehend the law. First, Petitioner's argument that he did not knowingly, or personally waive any constitutional rights under the Due Process Clause, the Fourth Amendment and the Eighth Amendment which he would now would seek to vindicate is beside the point, as these rights do not require a knowing, intelligent or voluntary waiver. Second, the state court did not err in treating his initial PCR petition in the state as such—the court was required to do so. And third, Petitioner's citation to *Buford v. United States*, 532, U.S. 59, 61 (2001) is inapposite to his situation. *Buford* applied the United States Sentencing Guidelines to a federal criminal sentencing procedure, where grouping and other guideline processes were required. The State of Arizona does not apply the United States Sentencing Guidelines and is not required to do so. Here, the state court followed its own sentencing law, without regard for the ruling in *Buford* or the United States Sentencing Guidelines, and correctly so.

For all of the above reasons,

**IT IS HEREBY ORDERED** overruling the Objections to the R&R (Doc 16)

**IT IS FURTHER ORDERED** adopting in whole the R&R of United States. Magistrate Judge, Debra M. Fine in this matter (Doc. 15).

**IT IS FURTHER ORDERED** dismissing with prejudice the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 5). The Clerk of Court shall enter judgment accordingly and close this matter.

**IT IS FURTHER ORDERED** denying a certificate of appealability in this matter. All grounds raised by Petitioner are precluded by a plain procedural bar, and jurists of reason could not reasonably differ as to this conclusion.

**IT IS FURTHER ORDERED** denying the Motion for Leave to File Amicus Curiae Brief submitted by Abolish Private Prisons, Inc. (Doc. 13).

Dated this 27th day of March, 2024.

_____
Honorable John J. Tuchi
United States District Judge